IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.   CRIMINAL 08-0093 (ADC)

MIGUEL LANTIGUA,

Defendant

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: RULE 11(c)(1)(B) PROCEEDINGS (PLEA OF GUILTY)

I.   Personal Background

On March 14, 2008, Miguel Lantigua, the defendant herein, accepted to participate in the Fast-Track Program and agreed to waive his right to a preliminary hearing and his right to indictment by grand jury. The defendant agreed to plead guilty to an information filed on March 14, 2008, which only count charges defendant of being an alien previously deported from the United States, was found in the United States at Bayamón, Puerto Rico, without obtaining, prior to his re-embarkation at a place outside the United States, the express consent of the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, pursuant to 6 U.S.C. §§ 202(3), 202(4) and 557, to reapply for admission into the United States.

The aforementioned offense was committed after defendant was convicted and deported for an aggravated felony. All in violation of 8 U.S.C. § 1326(a)(2) and (b)(2).

II.   Consent to Proceed Before a Magistrate Judge

On March 14, 2008, while assisted by Assistant Federal Public Defender Carmen Coral Rodríguez, the defendant, by consent, appeared before me in order to

CRIMINAL 08-0093 (ADC)                3

(1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one, he may be sentenced to a term of imprisonment of not more than 20 years, a fine not to exceed of $250,000, and a term of supervised release of not more than three years.

The defendant shall pay a special assessment of $100, as required by 18 U.S.C. § 3013(a).

The defendant is aware that the court may order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release.

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea if he was unhappy with the sentence of the court. The defendant understood this.

Defendant was explained what the supervised release term means. It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to him.

CRIMINAL 08-0093 (ADC)                           5

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that when he were under supervised release, and upon violating the conditions of such release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

### D. Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

CRIMINAL 08-0093 (ADC)                    7

preceding sections, I find that the defendant Miguel Lantigua is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the information.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 18th day of March, 2008.

                                                 S/ JUSTO ARENAS
                                      Chief United States Magistrate Judge